United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                   Case No. 23-cr-20474

v.

                                   Hon. Shalina D. Kumar

Yusef D. Hairston,                  United States District Judge

        Defendant.
_____/

## Plea Agreement

The United States of America and the defendant, Yusef D. Hairston, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.**    **Count of Conviction**

The defendant will plead guilty to Count 4 of the Second Superseding Indictment. Count 4 charges the defendant with illegal possession and transfer of a machinegun under 18 U.S.C. § 922(o).

**2.**    **Statutory Maximum Penalties**

The defendant understands that the count to which he is pleading guilty carries the following maximum statutory penalties:

| Count 4 | Term of imprisonment: | Not more than 10 years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Up to 3 years |

**3. Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its

terms, the United States Attorney's Office for the Eastern District of Michigan will

move to dismiss any remaining charges in the Second Superseding Indictment

against the defendant in this case.

**4. Elements of Counts of Conviction**

The elements of Count 4 are:

1. The defendant knowingly possessed or transferred a machinegun; and

2. The defendant knew, or was aware of, the essential characteristics of the

   firearm which made it a machinegun.

**5. Factual Basis**

The parties agree that the following facts are true, accurately describe the

defendant's role in the offenses, and provide a sufficient factual basis for the

defendant's guilty plea:

> On or about July 21, 2023, in the Eastern District of Michigan, the
> defendant, Yusef D. Hairston, knowingly possessed and transferred
> fifty-one machineguns, that is, machinegun conversion devices also
> known as "Glock switches," to Individual-1.

On that day, the defendant met with Individual-1 and others at a residence in the City of Flint for the purposes of selling Individual-1 a quantity of Glock switches. The Glock switches the defendant possessed were designed and intended solely and exclusively to convert a firearm to shoot automatically more than one shot, without manual reloading, by a single function of the trigger, thereby making them machineguns under 26 U.S.C. § 5845(a). The defendant informed Individual-1 that each Glock switch cost $300 and that he had fifty-one available for sale. Individual-1 purchased the fifty-one Glock switches from the defendant for a total price of $15,300. The defendant also discussed obtaining additional Glock switches and drop-in auto sears from his source-of-supply, which he intended to sell. He stated that he was going to put the money in the bank and then send the money to China for his next order. The defendant knew the Glock switches were designed and intended to convert semi-automatic Glock pistols into fully automatic machinegun pistols.

## 6.    Advice of Rights

The defendant has read the Second Superseding Indictment, has discussed

the charges and possible defenses with his attorney, and understands the crime(s)

charged. The defendant understands that, by pleading guilty, he is waiving many

important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the

court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to

prove the defendant guilty beyond a reasonable doubt at trial;

E.   The right to confront and cross-examine adverse witnesses at trial;

F.   The right to testify or not to testify at trial, whichever the defendant
chooses;

G.   If the defendant chooses not to testify at trial, the right to have the jury
informed that it may not treat that choice as evidence of guilt;

H.   The right to present evidence or not to present evidence at trial,
whichever the defendant chooses; and

I.   The right to compel the attendance of witnesses at trial.

**7.   Collateral Consequences of Conviction**

The defendant understands that his convictions here may carry additional
consequences under federal or state law. The defendant understands that, if he is
not a United States citizen, his convictions here may require him to be removed
from the United States, denied citizenship, and denied admission to the United
States in the future. The defendant further understands that the additional
consequences of his convictions here may include, but are not limited to, adverse
effects on the defendant's immigration status, naturalized citizenship, right to vote,
right to carry a firearm, right to serve on a jury, and ability to hold certain licenses
or to be employed in certain fields. The defendant understands that no one,
including the defendant's attorney or the Court, can predict to a certainty what the
additional consequences of the defendant's convictions might be. The defendant

nevertheless affirms that the defendant chooses to plead guilty regardless of any

immigration or other consequences from his convictions.

8.    **Defendant's Guideline Range**

    A.    **Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

    B.    **Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure

11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of

responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is

16 or greater and the defendant is awarded the two-level reduction under USSG

§ 3E1.1(a), the government recommends that the defendant receive an additional

one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If,

however, the government learns that the defendant has engaged in any conduct

inconsistent with acceptance of responsibility—including, but not limited to,

making any false statement to, or withholding information from, his probation

officer; obstructing justice in any way; denying his guilt on the offense(s) to which

he is pleading guilty; committing additional crimes after pleading guilty; or

otherwise demonstrating a lack of acceptance of responsibility as defined in USSG

§ 3E1.1—the government will be released from its obligations under this

paragraph, will be free to argue that the defendant not receive *any* reduction for

acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation.

- §2K2.1(a)(5)         Offense involved a firearm described in
                       26 U.S.C. § 5845(a)

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual agreements for sentencing purposes.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B,

8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

**9.      Imposition of Sentence**

    **A.      Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

    **B.      Imprisonment**

        **1.      Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

        **2.      No Right to Withdraw**

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term

or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 2-year term of supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

The parties have no agreement as to a fine.

### E. Restitution

Restitution is not applicable.

**F.    Forfeiture**

The defendant hereby forfeits, waives, abandons and surrenders all of his rights, title, and interest in the firearms, Glock switches and conversion devices, involved in his offense; and agrees that he will not challenge in any way his forfeiture, waiver, abandonment and surrender of the firearms and devices, including any and all procedural challenges such as the right to any further notice. Defendant agrees that any items sold to an undercover law enforcement agent do not need to be forfeited by the Government, in either judicial or non-judicial proceedings.

The defendant agrees to the entry of one or more orders of forfeiture if the government, at its sole discretion, seeks a forfeiture order, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the Subject Property following the defendant's guilty plea, upon application by the United States as mandated by Fed.R.Crim.P. 32.2. The defendant agrees that the forfeiture order will become final as to the defendant at the time entered by the Court.

The defendant expressly waives his right to have a jury determine forfeitability of his interest in the Subject Property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant further waives the requirements of Fed.R.Crim.P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed.R.Crim.P. 11(b)(1)(J).

One of the firearms involved in defendant's offense was discovered to be stolen, and the defendant agrees to the lawful disposition of the firearm, including the return of the firearm to the rightful owner and/or destruction of the firearm by federal, state and/or local law enforcement.

Defendant unconditionally releases and holds harmless the United States of America, federal, state and/or local law enforcement, their officers, employees and agents, from any and all claims, demands, damages, causes of actions or suits, of whatever kind and description, and wherever situated, that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure, disposition and/or destruction of the firearm.

### G.    Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

10.    **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any

grounds. The defendant also waives any right he may have to appeal his sentence

on any grounds, unless his sentence of imprisonment exceeds the top of the

guideline range as determined by the Court.

11.    **Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance

of counsel or prosecutorial misconduct, as long as the defendant properly raises

those claims by collateral review under 28 U.S.C. § 2255. The defendant also

retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long

as the defendant properly files a motion under that section. The defendant,

however, waives any other right he may have to challenge his conviction or

sentence by collateral review, including, but not limited to, any right he may have

to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255

(except for properly raised ineffective assistance of counsel or prosecutorial

misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil

Procedure 59 or 60.

12.    **Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw his guilty plea(s) or breaches this

agreement, or if the Court rejects this agreement, or if the defendant's conviction

or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 13.     Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**14.    Parties to Plea Agreement**

This agreement does not bind any government agency except the United

States Attorney's Office for the Eastern District of Michigan.

**15.    Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and

supersedes any other promises, representations, understandings, or agreements

between the parties concerning the subject matter of this agreement that were made

at any time before the guilty plea is entered in court. Thus, no oral or written

promises made by the government to the defendant or to the attorney for the

defendant at any time before the defendant pleads guilty are binding except to the

extent they have been explicitly incorporated into this plea agreement. If the parties

have entered, or subsequently enter, into a written proffer or cooperation

agreement, though, this plea agreement does not supersede or abrogate the terms of

that agreement. This plea agreement also does not prevent any civil or

administrative actions against the defendant, or any forfeiture claim against any

property, by the United States or any other party.

**16.    Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the

United States Attorney's Office by **5:00 p.m. on Friday, June 21, 2024**. The

government may withdraw from this agreement at any time before the defendant

pleads guilty.

Dawn N. Ison
United States Attorney

Anthony P. Vance
Chief, Branch Offices
Assistant United States Attorney

Dated: May 23, 2024

By signing below, the defendant and his attorney agree that the defendant
has read or been read this entire document, has discussed it with his attorney, and
has had a full and complete opportunity to confer with his attorney. The defendant
further agrees that he understands this entire document, agrees to its terms, has had
all of his questions answered by his attorney, and is satisfied with his attorney's
advice and representation.

Judith S. Gracey
Attorney for Defendant

Yusef D. Hairston
Defendant

Dated: 6/5/24